Baruch C. Cohen, Esq. (SBN 159455)
**LAW OFFICE OF BARUCH C. COHEN**
A Professional Law Corporation
4929 Wilshire Boulevard, Suite 940
Los Angeles, California 90010
Telephone: (323) 937-4501
Facsimile: (323) 937-4503
e-mail: baruchcohen@baruchcohenesq.com

Vincent James DeSimone, Esq. (SBN 119668)
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone: (310) 693-5561
e-mail: vjdesimone@gmail.com

Kaveh Navab, Esq. (SBN 280235)
**NAVAB LAW, APC**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone: (310) 826-1002
e-mail: Navablaw@gmail.com

*Attorneys for Plaintiff DANIEL GARZA*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARIO CARDONA,<br><br>Debtor.<br><br>DANIEL GARZA<br><br>Plaintiff<br><br>vs.<br><br>MARIO G. CARDONA<br><br>Defendant | Case No: 2:17-bk-22804-WB<br><br>Adversary No.: 2:18-ap-01381-WB<br><br>Before the Honorable Julia W. Brand<br><br>Chapter 7<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; DECLARATION OF KAVEH NAVAB**<br><br>Date: April 28, 2020<br>Time: 2:00 pm<br>Courtroom: 1375<br>Place: 255 E. Temple St, Los Angeles |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant's opposition to Plaintiff's Supplemental Brief is completely void of any facts and ignores this Court's specific instruction to provide a full record from the underlying United States District Court ("USDC") trial, verdict and finding of malice in favor of Plaintiff. Rather than face the fact that Defendant acted with actual malice—a determination the unanimous USDC jury reached after hearing extensive testimony and overwhelming evidence against Defendant—Defendant deflects and resorts to misstating that Plaintiff Garza argued that Cardona did not act with malice in the USDC. Nothing could be further from the truth. Indeed, Plaintiff's counsel was not permitted to argue on the malice question before the Court, as the Court determined that only the City and Defendant Cardona could argue malice before the jury. (Tr. 6/23 122:15-123:7). Defendants can point to no testimony or argument from the USDC trial in which Plaintiff argued that Cardona did not act with malice because such a thing never happened.

The definition of malice presented to the USDC jury is consistent with the definition in bankruptcy statutes and Defendant's stating that they are different does not make it so. The malice definition provided to the USDC jury informed them that they had to find Cardona acted with intent to injure or willfully disregarded Garza's rights or safety. Thus, the jury found that Garza's damages were the result of a willful and malicious injury caused by Cardona. As demonstrated in Plaintiff's supplemental brief, the evidence presented at trial allowed the jury to fully evaluate the evidence, reaching a unanimous finding that Cardona acted willfully and with malice when he assaulted Plaintiff and used excessive force. There was a fully litigated jury trial on the exact same issue which is before this Court. It would be error to allow for retrial on the identical issue of whether Cardona acted maliciously when he violated Mr. Garza's constitutional rights by using excessive force. There is simply no rationale to retry this issue again in front of the bankruptcy Court. The fact that the jury was told not to consider Cardona's subjective intent in the first phase of trial is completely immaterial to the second phase malice trial where it had to find Cardona acted willfully in injuring Garza and this is enough for a finding of malice under § 1328(a)(4).

## II. ARGUMENT

### A. JURY TRIAL

Defendant admits "the malice finding on its surface would appear to be enough for Plaintiff to prevail in this MSJ" and then points to nothing in the record which undermines that conclusion. Defendant fails point to anything in Cardona's Declaration which the jury did not consider in its determination of malice that would have made any difference. Defendants reliance on the letter from Chief Beck's office is inapplicable as that is hearsay, and at trial Cardona had every opportunity to cross examine the LAPD Commander who did testify at trial and could have, but did not, subpoena or call as a witness anyone involved in the investigation to testify why it reached the conclusion that his conduct was lawful, justified or proper. Cardona never did.

Additionally, Defendant's reference to the Plaintiff's appeal is inapplicable as that is regarding Plaintiff's separate *Monell* trial against the City of Los Angeles for ratification, which Defendant had no part in, and was strictly between the City of Los Angeles and Plaintiff. Again, Defendant's opposition is devoid of any testimony given at trial and fails to address the Court's request that a full record be provided. Defendant Cardona simply never shows why or how the use of force investigation or report would have resulted in a different conclusion or that the trial judge erred in not admitting materials from the investigation. Cardona never appealed that decision and the fact that Garza is appealing the verdict of the second trial where relevant evidence was excluded to show then Chief Beck ratified Cardona's misconduct, this has nothing to do with the underlying liability trial and malice finding against Cardona.

Defendant can point to no evidence or testimony that he did not act with malice. The trial testimony from eyewitnesses, video, Sheriff's report, arguments, jury verdict and findings all point to one conclusion—Defendants acted with malice when he willfully, intentionally and maliciously caused injury to Plaintiff.

### B. DEFINITION OF MALICE

Defendant admits that, "[t]he elements of willful injury in bankruptcy (9th Circuit) can only be found if the debtor **subjectively intends** to injure the creditor, or subjectively believes that harm is substantially certain to occur. [emphasis added]" [Opp brief at 5:14-16], but never

explains how any other conclusion can be reached based on Cardona's conduct in repeatedly battering Garza and twisting his wrists with a painful wrist lock when Garza was helplessly handcuffed and laying prone on the ground with Cardona straddling him. Defendants continue to argue that because subjective intent is not required for proving excessive force this Court cannot grant the MSJ, however, the fact that the jury was told not to consider Cardona's subjective intent in the first phase of trial is completely immaterial to the second phase malice trial where it had to find Cardona acted willfully in injuring Garza and this is enough for a finding of malice under § 1328(a)(4).

There is a reason the trial was split into different phases and a separate instruction was given during the second phase where the jury found that Cardona acted with malice. While the instruction for excessive force correctly instructed the jury not to consider subjective intent, the malice instruction the Court gave provided that: "Malice" means that Defendant Mario Cardona acted with **intent to cause injury** or that his **conduct was despicable** and was done with a **willful and knowing disregard of the rights or safety of another**. A person acts with knowing disregard when he or she is **aware of the probable dangerous consequences of his or her conduct** and deliberately fails to avoid those consequences." (emphasis added). Although Defendant argues that the instruction is disjunctive and therefore inconclusive, both clauses require a wrongful act done with an intentional mindset. Defendants disingenuously twist the case law when they say 'despicable conduct with conscience [sic] disregard of the rights of others is not enough." [Opp brief at 5:18-28]. This isn't what the jury found in the USDC. Defendant virtually concedes that "Option 1" meets the non-dischargeability standard but ignores that "Option 2" requires "a willful and knowing disregard of the rights or safety of another" thus easily satisfying the required willful intent for a finding of non-dischargability. Moreover, Defendants reliance on the recklessness definition from *Su* is inapplicable as the standard and definition in the Garza trial required more than recklessness it required a wrongful act done with an intentional mindset. Defendant's argument fails on all accounts and this Court should grant Plaintiff's motion for summary judgment.

///

### III.  CONCLUSION

Accordingly, Plaintiff respectfully requests this Court grant Plaintiff's Motion for Summary Judgment and find that Cardona acted with malice and therefore the debt is not dischargeable pursuant to 11 U.S.C § 523(a)(6) and 11 U.S.C § 1328(a)(4) which discharges debts "for willful and/or malicious injury by the debtor to another entity or to the property of another entity."

Date:    March 24, 2020                **LAW OFFICE OF BARUCH C. COHEN**
                                                            **A Professional Law Corporation**

                                                            By */s/ Baruch C. Cohen*
                                                                BARUCH C. COHEN, ESQ.
                                                                *Attorneys for Plaintiff DANIEL GARZA*

## DECLARATION OF KAVEH NAVAB IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

I, Kaveh Navab, declare:

1. I am an attorney-at-law, duly licensed to practice before all State and Federal courts of the State of California, and am presently one of the representing DANIEL GARZA, the Plaintiff in the above-entitled action.

2. I am personally familiar with all the facts and events involved in this matter, and I am competent to testify to the matters stated herein.

3. Attached hereto as Exhibit "A" are additional relevant portions of June 23, 2017 trial transcript in the underlying United States District Court trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, except as to those matters indicated as being based upon information and belief, and to those matters I am informed and believe them to be true.

This Declaration was executed on this 24th of March 2020, in Marina del Rey, California.

/s/ *Kaveh Navab*
KAVEH NAVAB, ESQ.

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                                ---



     THE HONORABLE STEPHEN V. WILSON, U.S. DISTRICT JUDGE

                              PRESIDING


 DANIEL GARZA,                  )
                                )
           Plaintiff,           )
                                )
 vs.                            )      No.   CV 16-3579-SVW
                                )
                                )
 CITY OF LOS ANGELES, ET AL.,   )
                                )
           Defendants.          )
 _____)




       REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

                    LOS ANGELES, CALIFORNIA

                     FRIDAY, JUNE 23, 2017




 _____

              DEBORAH K. GACKLE, CSR, RPR
                 United States Courthouse
             350 W. First Street, 4th Floor
              Los Angeles, California 90012
                     (213) 894-8913
```

```
 1                    (Interruption)
 2              MR. DESIMONE:  I apologize.  I have play tickets with
 3   my daughter tonight.  I was just checking to see how long it
 4   would take me to get there.  I really apologize.
 5              THE COURT:  Well, have the expert here Monday morning
 6   in case we have to use her.
 7              MR. AMERIAN:  City also has an expert on this issue.
 8              THE COURT:  On what issue?
 9              MR. AMERIAN:  The same course and scope.  We'll look
10   at it and provide an opposite viewpoint.
11              THE COURT:  Well, what is he going to say?
12              MR. AMERIAN:  He's going to say that, in his
13   estimation, under the factors and under the circumstances, that
14   it was not within the course and scope of Officer Cardona.
15              THE COURT:  Well, have him here, too, but I'm tending
16   to think that if the jury answers the question acting in
17   official capacity, I think that ends that inquiry on that issue
18   given the way the case was presented; and then we would move to
19   actual malice, and there I think I just open it up for
20   argument.  That's it.
21              MR. DESIMONE:  Would plaintiff be permitted to argue
22   that question as well?
23              THE COURT:  Actual malice?
24              MR. DESIMONE:  Yes.
25              THE COURT:  Of course.
```

```
 1            MR. AMERIAN:  Well, Your Honor, I would object to
 2   that because under the indemnity -- statutory scheme, the
 3   plaintiff doesn't have standing.  This is strictly between the
 4   cross-claimant and the cross --
 5            THE COURT:  That maybe right.  I think we did address
 6   that in the summary judgment.  I think you are right about the
 7   standing question.  So I don't think they would be allowed.
 8            MR. AMERIAN:  Just so I understand the game plan for
 9   Monday, we'll put evidence of damages, evidence on course and
10   scope and malice, and then --
11            THE COURT:  May be no evidence on course and scope.
12   If the jury comes back the way I believe it will on that
13   question that I pose, and then we can proceed to actual malice.
14            MS. STEGMAN:  Your Honor, I have one other.
15            THE COURT:  Yes.
16            MS. STEGMAN:  We had subpoenaed the therapist, not as
17   an expert but as a therapist, as the percipient.  She's the one
18   who wrote all the records.
19            THE COURT:  What is she going to say briefly?
20            MS. STEGMAN:  Well, she saw the plaintiff for 17
21   months; so she has detailed diagnosis based on specific things.
22            THE COURT:  What is it that she will say?  It seems
23   to me that the principal ailment that the plaintiff will be
24   arguing is this post-traumatic distress syndrome.  Will she be
25   saying that he doesn't suffer from that?
```

Case 2:18-ap-01381-WB  Doc 79  Filed 03/24/20  Entered 03/24/20 14:26:42  Desc
Main Document    Page 11 of 12


1      C E R T I F I C A T E

2

3       I hereby certify that pursuant to Section 753,

4  Title 18, United States Code, the foregoing is a true and

5  correct transcript of the stenographically reported proceedings

6  held in the above-entitled matter and that the transcript page

7  format is in conformance with the regulations of the Judicial

8  Conference of the United States.

9

10    Date:  September 25, 2017

11

12                    /S/_____

13                      Deborah K. Gackle
                         CSR No. 7106

14

15

16

17

18

19

20

21

22

23

24

25

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010**

A true and correct copy of the foregoing document entitled **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT; DECLARATION OF KAVEH NAVAB** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 24, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy K Curry (TR)           TrusteeECFMail@gmail.com
Marcus G Tiggs (DF)          mtiggs@lawbwl.com, bribwl@gmail.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
Baruch C Cohen (PL)          bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On **March 24, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 24, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia W. Brand, Roybal Federal Bldg. & Courthouse, 255 E. Temple St, Ste 1382, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **March 24, 2020** | **Baruch C. Cohen** | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**